**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBERT E. NICHOLSON, #S08199,** ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| vs.  ) | Case No. 20-cv-00117-SMY |
|  ) | |
| **WARDEN SULLIVAN, and** ) | |
| **DR. LARSON,** ) | |
|  ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert E. Nicholson, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims deliberate indifference to serious medical needs in violation of the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was advised in March 2019 by Dr. Larson that he needed surgery on his right hip. He was referred to an outside doctor for consultation, and hip replacement surgery was scheduled for September 2019. The

surgery was twice re-scheduled – for November 2019 and January 2, 2020.  As of January 24, 2020, the surgery had not been done.  Plaintiff suffered extreme pain on a daily basis while under Dr. Larson's care and awaiting surgery.  He also suffered from an infection in his genital area.

Based on the allegations in the Complaint, the Court designates the following single Count:

Count 1:   Eighth Amendment claim against Defendant Dr. Larson for deliberate indifference to Plaintiff's serious medical needs.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

### **Preliminary Dismissal**

Plaintiff named Warden Sullivan as a defendant but makes no allegations against him in the statement of claim.  Instead, he identifies Sullivan in the list of defendants as the Warden of BMRCC and asserts that as the warden, Sullivan is responsible for Dr. Larson's actions and inactions.  Plaintiff also asserts that as the warden, Sullivan is duty bound to ensure Plaintiff receives adequate, specific medical care and treatment.

Sullivan cannot be held liable based solely on his position as an administrator because the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).  Because there is no suggestion that Sullivan is personally responsible for allegedly violating Plaintiff's constitutional rights, he will be dismissed from the case without prejudice. *See Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The allegations in the Complaint are sufficient to allow Plaintiff's deliberate indifference claim to proceed against Dr. Larson.

**Motion for Recruitment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When determining whether to grant a plaintiff's request for recruitment of counsel, the court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654. The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, although Plaintiff states that he has written to attorneys, he does not provide proof. Therefore, he has not met his threshold burden. He also does not identify any impediments to self-representation and his pleadings demonstrate the ability to articulate clearly and effectively on his own behalf. The Motion for Recruitment of Counsel (Doc. 3) is therefore **DENIED**. If Plaintiff chooses to file a request for counsel at a later date, he should provide rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

**Motion for Service of Process at Government Expense**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as MOOT**. Summons will be issued and served on the Defendant as provided in this Order.[2]

**Disposition**

Count 1 will proceed against Dr. Larson. Warden Sullivan is **DISMISSED** without prejudice for failure to state a claim for relief and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party.

The Clerk of Court shall prepare for Dr. Larson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

---

[2] It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server.

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice; the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

>*s/ Staci M. Yandle*
>**STACI M. YANDLE**
>**United States District Judge**

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.